*36 Opinion of the Court, by
Judge JIrr.LS.
THIS is a writ of error to reverse a judgment rent derec! ag^hist the plaintiff in error, on the report of commissioners, made under the act concerning occupying claimants of land, passed op the 20th day of December 1820.
Sundry exceptions were taken to the proceedings in (¡le C0Llrt below, and repeated in this court by the aSsignment ot errors, some oí which question, on diller-ent grounds, the constitutionality of the act under which the proceedings were had. We need not, however, determine any thing about the validity of the act; for we are clearly of opinion that the occupant did npt *37 make out a case coming within the act, or any other act which gives compensation lor improvements, to occupying claimants. It is proved, that the improvements in question, or most of them, were made by tenants under the'same title by virtue of which the plain-tiffin error has now recovered his judgment of eviction for the land. The last of these tenants the defendant in error attempted to drive from the land, by threats; but not succeeding in this, he bought out-the possession of the tenant, and so entered, and now shows no title for the land, except a deed from another individual, who appears to haye had no title of any kind.
A person who surreptitiously obtained the possession without title, except a deed from one having no claim, is not an innocent and bona fide occupant, within the act oí 1820.
Bibb, for plaintiffs; Triplett and Monroe, for defendant.
The tenant has, therefore, failed to show a conflicting adverse title, or any claim under the title of the successful claimant, except that held in the character of a tenant, which he acquired by purchasing out the possession of a tenant of the successful title. Having come in under the tenant from whom he bought, he is bound to stand in his shoes, and in that situation cannot receive pay for improvements.
And if he was not bound to stand in the place of the tenant from whom he bought, and could be permitted to setup an adverse possession, still, as he has no title himself, and thus surreptitiously obtained the possession, he cannot be that kind pf “ innocent and bona jide occupant,” named in the act in question, to whom pay for improvements is allowed.
The judgment, therefore, must be reversed with costs, and the cause be remanded, with directions there to quash the report and dismiss the proceedings with cosls.